UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BRANDON CALLIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-23-CV-00030-FM |
| | § | |
| CREDIT MOUNT INC, and DENNIS | § | |
| SHAKHNOVICH a/k/a DENNIS | § | |
| TENSHOV, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT FOR SUM CERTAIN

Before the court is "Request for Entry of Default Judgment for Sum Certain" ("Motion") [ECF No. 12], filed June 5, 2023, by Brandon Callier ("Plaintiff"). Therein, Plaintiff requests that the Clerk of Court enter default judgment for sum certain pursuant to Federal Rule of Civil Procedure ("Rule") 55(b)(1).[1] For the following reasons, Plaintiff's Motion is **DENIED**.

Plaintiff filed a complaint against Credit Mount Inc. and Dennis Shakhnovich (collectively, "Defendants") for alleged violations of the Telephone Consumer Protection Act ("TCPA") and the Texas Business and Commerce Code ("TBCC").[2] Credit Mount Inc. was served on January 26, 2023, and Dennis Shakhnovich was served on March 28, 2023.[3] Defendants' deadlines to answer or otherwise respond to Plaintiff's complaint were February 16, 2023, and April 18, 2023, respectively. Defendants never responded or appeared. Plaintiff filed a motion for entry of default against

---

[1] "Request for Entry of Default Judgment for Sum Certain" ("Mot.") 1, ECF No. 12, filed June 5, 2023.

[2] "Plaintiff's Original Complaint" 21–23, ECF No. 1, filed Jan. 20, 2023.

[3] "Proof of Service" 1, ECF No. 3, filed Jan. 30, 2023; "Proof of Service" 1, ECF No. 8, filed Mar. 29, 2023.

Defendants in May, and the Clerk of Court entered default shortly thereafter.[4] Plaintiff now asks the Clerk of Court to enter a default judgment for sum certain against Defendants based on "the record in this case and the statement of amount due, and affidavit submitted herein."[5]

Once a defendant's default has been entered, a plaintiff may seek a default judgment against them under Rule 55 via one of two routes. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs. . . . In all other cases, the party must apply to the court for a default judgment."[6]

The TCPA and TBCC authorize awards of "*up to* $500 in damages for each [] violation" and "*not more than* $5,000 for each violation," respectively.[7] Because they vest courts "with discretion to determine the appropriate amount of any damage award," claims arising under them are not for a sum certain.[8] Plaintiff's invocation of Rule 55(b)(1) is therefore improper. Accordingly, it is **HEREBY ORDERED** that "Request for Entry of Default Judgment for Sum Certain" [ECF No. 12] is **DENIED**.

**SIGNED AND ENTERED** this _8_ day of **June 2023**.

**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[4] "Request for Entry of Default" 1, ECF No. 9, filed May 30, 2023; "Entry of Default" 1, ECF No. 10, filed May 30, 2023.

[5] Mot. at 1.

[6] FED. R. CIV. P. 55(b).

[7] *See* 47 U.S.C. § 227(c)(5)(B) (emphasis added); TEX. BUS. & COM. CODE § 302.302 (emphasis added).

[8] *Charvat v. NMP, LLC*, No. 2:09-cv-209, 2012 WL 2577489, at *2 (S.D. Ohio July 3, 2012); *see Graham v. Nat'l Web Design LLC*, No. 20-cv-1575 (KMM/BRT), 2022 WL190760, at *4 n. 5 (D. Minn. Jan. 21, 2022); *but see Mohon v. Nat'l Cong. of Emps., Inc.*, No. 1:19-cv-00652, 2021 WL 601816, at *2 (D.N.M. Feb. 16, 2021) (concluding that "the amount of statutory damages" available for TCPA violations is "a sum certain and readily capable of mathematical calculation" for the purposes of Rule 55(b)(1)).

2